The **COLORADO & SOUTHERN RAILWAY COMPANY, a corporation,**
Plaintiff,

v.

**SOUTHWESTERN ROOFING & SHEET METAL COMPANY, a corporation,**
Defendant.

Civ. No. 73-535-D.

United States District Court,
W. D. Oklahoma,
Civil Division.

Jan. 22, 1974.

---

Edd R. McNeil, Oklahoma City, Okl., for plaintiff.

Don Porter, Oklahoma City, Okl., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

This is an action by Plaintiff railroad against Defendant, as consignee of several carloads of material delivered to Windsor, Colorado during the period December 16, 1970 to March 13, 1971, for collection of demurrage charges assessed against Defendant in the amount of $615.00. The charges were assessed by Plaintiff for the time nine railroad cars consigned to Defendant were held for unloading by Defendant which exceeded the free time allowed for unloading under the applicable tariff filed with the Interstate Commerce Commission.

Defendant urges as its sole defense that it was unable to unload the cars due to inclement weather.

Plaintiff has filed its Motions for Summary Judgment on the ground that there is no genuine issue of material fact before the Court and that it is entitled to judgment as a matter of law. It contends that it is undisputed that the demurrage charges were assessed against Defendant, that Maurer's Tariff 4–I applies, and that Defendant filed no weather interference claim with Plaintiff within the required thirty day time period. Plaintiff has submitted an affidavit by its agent at Windsor, Colorado during the period in question in which

the facts are set out supporting the demurrage charges in question. Plaintiff's agent states in his affidavit:

"No claim that defendant was prevented from unloading within the free time by the conditions of the weather was presented in writing to plaintiff within thirty (30) days, exclusive of Saturdays, Sundays and holidays, after the date on which demurrage bill was rendered."[1]

Defendant has filed a "Motion in Opposition to Summary Judgment" and Brief in support thereof. Defendant urges that a genuine issue óf fact exists. It submits an affidavit by one of its officers to the effect that Defendant's crews were unable to unload the railroad cars due to inclement weather conditions at various times between November, 1970 and April, 1971. In its Brief, Defendant claims it gave oral notice of inclement weather preventing unloading to Plaintiff and that it was not informed by Defendant that such notice was required to be in writing nor did Plaintiff furnish Defendant a copy of the tariff in question.

■ Plaintiff has filed a Brief in Reply to Defendant's Motion in Opposition to Summary Judgment in which it urges that as a matter of law it is not required to furnish shippers or consignees with copies of the applicable tariffs. It further alleges that Defendant's argument in its Brief that it gave Plaintiff oral notice of inclement weather preventing unloading does not satisfy the tariff requirement in this connection. Plaintiff also points out that this assertion should not be considered as same is not supported by affidavit as required by Rule 56(e), Federal Rules of Civil Procedure. Thus, the only fact asserted in the Affidavit of Plaintiff's agent which has been countered by the Affidavit of Defendant's officer concerns the inclement weather conditions existing at the railroad siding during the period in question. Defendant has failed to dispute Plaintiff's assertion that Defendant did not file a weather interference claim in writing within 30 days after it was billed for the demurrage charges. This assertion of Plaintiff is therefore considered an undisputed fact for the purposes of this Motion. Rule 56(e), Federal Rules of Civil Procedure.

■ Tariffs have the force of law and may not be excused. In Atchison, Topeka & Santa Fe Ry. Co. v. John Sexton & Co., 339 F.Supp. 1202 (D.Kan. 1972) it is stated:

"It is well settled that tariffs, duly filed, bind both carrier and shipper with the force of law. Lowden v. Simonds, etc., Grain Co., 306 U.S. 516, 59 S.Ct. 612, 83 L.Ed. 953 (1939); Union Pacific Railroad Co. v. Corneli Seed Company, 161 F.Supp. 52 (D. Idaho 1958). This is so because the Interstate Commerce Act, which requires the tariffs to be filed, 'is affected throughout its provisions, with the object not merely of regulating the relations of carrier and shipper inter se, but of securing the general public interest in adequate, nondiscriminatory transportation at reasonable rates.' Midstate Horticultural Co. v. Penna. R. Co., 320 U.S. 356, 361, 64 S.Ct. 128, 130, 88 L.Ed. 96 (1943).

Since public policy is involved here, it makes no difference that the carrier acquiesced in the practice of the shipper and did not demand strict performance of all provisions of the applicable tariff. Public Policy demands strict performance of the tariff, and any variation less than strict performance constitutes a preference. See Utah Poultry Producers Co-op. v. Union Pacific R. Co., 147 F.2d 975 (10th Cir. 1945); and Union Petroleum

---

1. This Affiant also states that other consignees of carloads of similar material did unload freight from similarly situated cars during the period in question. This Affiant further states that Defendant was not prevented from unloading the cars in question by reason of snow or inclement weather.

Corporation v. United States, 376 F.2d 569 (10th Cir. 1967)."

■ The demurrage charges were assessed against Defendant under the provisions of Maurer's Freight Tariff 4–I. It is not disputed that they were properly assessed as to cars and dates. The Defendant in its Trial Brief urges that its "total defense" is based on the weather interference provisions in paragraph (1) on page 65 of said tariff. This tariff provides in part:

". . . provided, however, no such extension of free time will be allowed unless claim, stating fully the conditions which prevented loading or unloading within the free time, is presented in writing to this railroad within thirty days, exclusive of Saturdays, Sundays and holidays (See Item 25), after the date on which demurrage bill is rendered, . . ."

It is undisputed that Defendant has failed to comply with the above tariff provision. Defendant is therefore precluded from asserting its weather interference defense herein. The filing of the claim in accordance with the tariff provisions is a condition precedent to a consignee obtaining relief under the adverse weather provision or rule. No compromise or settlement is permitted. St. Louis, Southwestern Railway Co. v. Mays, 177 F.Supp. 182 (E.D.Ark.1959).

■ Defendant has not provided the Court with any authority for its contentions that the Plaintiff was required to advise it that it was required to submit its weather excusal claim in writing or that Plaintiff was required to provide Defendant with a copy of the tariff in question. The Court has been unable to find any authority to support Defendant on these points. One is presumed to know the law and the tariff is the law. The railroad is required by the provisions of 49 U.S.C.A. § 6 to keep its tariffs open for public inspection. There can be no waiver or estoppel with reference to a tariff requirement. Atchison, Topeka & Santa Fe Ry. Co. v. John Sexton & Co., *supra*. The Court concludes

that these contentions are without merit as a matter of law.

Defendant has failed to show that there is a genuine issue of material fact for trial as required by Rule 56(e), Federal Rules of Civil Procedure. Plaintiff's Motion for Summary Judgment should be sustained. Plaintiff is directed to prepare an appropriate Judgment.